# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA-LAFAYETTE DIVISION

**SEISMIC EQUIPMENT SOLUTIONS II, L.P.**

versus

**MARINE SURVEYS, L.L.C., JOHN D. SILVETTI, MARIANNE P. SILVETTI-VOORHIES, ALTERNATIVE POSITIONING SERVICES, LLC AND THE JD SILVETTI GROUP OF COMPANIES**

**CIVIL ACTION NO.**

**DISTRICT JUDGE         MAGISTRATE JUDGE**

************************************************************

## COMPLAINT

NOW COMES plaintiff, Seismic Equipment Solutions II, L.P., to bring this action for breach of a maritime contract, for damages, penalties, attorneys' fees and interest, and who now alleges and avers as follows:

### A. PARTIES

**1.**

Plaintiff, Seismic Equipment Solutions II, L.P. (hereinafter "SES"), is a Texas limited partnership and engaged in the business of providing equipment and technology to surveying companies with its principal place of business located at 1000 West Airport Blvd., Houston, Texas 77031.

**2.**

Defendant, Marine Surveys, L.L.C. (hereinafter "Marine Surveys"), is a domestic corporation located in Lafayette, Louisiana and doing business within the jurisdiction of this Court. Defendant was at all material times engaged in the offshore seismic industry in the United States and off the coast of Nigeria.

### B. JURISDICTION AND VENUE

**3.**

This Honorable Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. 1332 since the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States with complete diversity between plaintiff and defendant. Additionally, the Master Equipment Lease Agreement on which plaintiff's claim is based is a maritime contract and thus this Honorable Court has jurisdiction under 28 U.S.C. 1333 since plaintiff's claim is an admiralty or maritime claim within the meaning of Rule 9(h) and supplemental rules for admiralty and maritime claims.

**4.**

Venue is proper in the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. Section 1391 since a substantial

part of the events or omissions giving rise to plaintiff's claims occurred in and defendants are subject to personal jurisdiction in this District.

### C. FACTS

**5.**

On May 8, 2014, plaintiff SES and defendant Marine Surveys entered into a Master Equipment Lease Agreement (hereinafter "the Lease"), Exhibit "A" attached hereto, for defendant Marine Surveys to lease from plaintiff SES certain offshore seismic related equipment. Defendant Marine Surveys agreed to pay a daily rental rate of $427.50 for the first six months and $475.00 daily rental rate thereafter. Defendant Marine Surveys further signed a purchase order and made an initial wire transfer totaling $7,337.75 as a down payment on the leased equipment. See attached Exhibits "B" and "C". Plaintiff SES understands that the leased seismic equipment may have been taken by defendant Marine Surveys to Nigeria.

**6.**

The Lease commenced on May 9, 2014 for a minimum period of 180 days. After deducting defendant Marine Surveys' initial down payment of $7,337.75, defendant Marine Surveys owned plaintiff SES $76,552.50 for the initial 180 period ($427.50 x 179 days), plus interest. For each day

after the initial 180 minimum period, defendant Marine Surveys became responsible for and additional $475.00 per day. For the period between November 6, 2014, the end of the initial 180 rental period, and May 3, 2016, defendant Marine Surveys became liable to plaintiff SES for a total lease payment of $257,925.00 (545 days x $475.00). As of May 3, 2016, defendant Marine Surveys owes to plaintiff SES lease payments totaling $334,477.50, plus interest.

7.

The seismic equipment which plaintiff SES leased to defendant Marine Surveys has never been returned to plaintiff. Plaintiff therefore reasonably considers its leased equipment to be a total loss. The Lease required that defendant Marine Survey maintain a policy of property insurance, a Lease requirement which defendant Marine Surveys may likewise have breached. In any instance, the parties have stipulated that the value of the leased and likely lost equipment payable to plaintiff SES $137,000.

9.

Plaintiff has made written amicable demand to Marine Surveys, L.L.C. for payment of past due lease payments, as well as the return of the

leased equipment, but has not received any payment, the leased equipment or a response from defendant of any kind.

**10.**

WHEREFORE, after due proceedings had plaintiff, Seismic Equipment Solution II, L.P., prays that this Honorable Court grant plaintiff the relief sought, that judgment be entered in favor of plaintiff and against Marine Surveys, L.L.C. for past lease amounts due, the stipulated value of plaintiff's unrecovered lease equipment, interest and costs, and for all such further relief as this Court may deem just.

Respectfully submitted,
s/Mark L. Ross

---

Mark L. Ross, Bar roll no. 11477
600 Jefferson Street, Suite 512
Lafayette, La. 70501
Telephone (337) 266-2345
Facsimile (337) 266-2346
Attorney for plaintiff, Seismic Equipment Solutions II, L.P.

PLEASE SERVE
Marine Surveys, L.L.C.
through its principal managing partner:
John D. Silvetti